## THE CHARLES H. KLINCK.

(District Court, S. D. New York. October 12, 1909.)

SEAMEN (§§ 11, 29\*)—NEGLIGENCE OF FELLOW SERVANT—INJURY TO SEAMAN—DAMAGES.

> Injury to seaman from becoming entangled in a winch when engaged in hoisting the spanker. *Held* that the vessel was not liable for the injuries as they happened through the negligence of the mate, but that the seaman was entitled to care and maintenance under the doctrine of The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760.

> [Ed. Note.—For other cases. see Seamen, Cent. Dig. §§ 39, 40; Dec. Dig. §§ 11, 29;\* Master and Servant, Cent. Dig. §§ 211, 492, 592, 734.]

(Syllabus by the Judge.)

Libel by John Kersh against the schooner Charles H. Klinck. Case referred to commissioner.

Simon O. Pollock, John F. McIntyre, and David C. Hersh, for libellant.

Bertrand L. Pettigrew, Frederick B. Campbell, and Henry S. Curtis, for the schooner.

ADAMS, District Judge. This action was brought by John Kersh to recover his damages, said to be $10,000, sustained through the loss of his right arm, a little below the elbow, while engaged in performing his duties as seaman on the schooner Charles H. Klinck, on the 23d

day of February, 1907. She was then lying off the Chatham Lightship, Long Island Sound. The libellant was operating the winch, which received its power from a gasoline engine located in the forecastle cabin, through which the winch ran, one drum head coming out on the port side and one on the starboard side. Some little distance above the winch-head was a rod which ran through the cabin, and started or stopped the winch as was desired. The engine had previously been started and was going at the time regardless of the use of the winch. In order to start the winch from the port side, it was necessary to pull out the connecting rod, and to push it in to stop it.

They were raising the spanker on the vessel, and the libellant, acting under the directions of the mate, took some turns with the halyards around the drum on the port side. The libellant in his libel describes the accident as follows, viz.:

"That on or about the 23d day of February, 1907, the schooner had been at anchor in the eastern end of the sound and was about to get up her anchor and hoist her sails for the purpose of proceeding on her voyage; that the libellant was ordered by the mate of the vessel to stand at the winch of the vessel for the purpose of hoisting the sails; that while standing there his hand became entangled in the rope of the fall which led around the winch, and he was for the moment unable to extricate himself. The winch at the time was stopped. The mate of the vessel, who was aft on the vessel, shouted to the men at the winch to hoist away the spanker, and thereupon the sailor who was on the other side of the winch and who could not see this libellant from where he stood, started the winch, although the libellant had shouted to the mate that his hand was entangled and not to allow the winch to be started. The result of the starting up of the winch in this manner was such that the libellant's right arm was so crushed by the fall and the winch that it became necessary to amputate it, and the libellant has thereby lost his right arm."

This seems to be a correct account of the occurrence. The mate, who was called by the claimant, gave a somewhat different version of the matter, but I think the foregoing should be regarded as accurate.

It appears that the mate was standing somewhat aft of the place of the accident but in full view of the winch and what was taking place. He should have seen what was being done and the accident is no doubt attributable to his carelessness in giving directions to go ahead with the engine, while the libellant was so situated as to be liable to injury from its movement.

It is claimed by the libellant that in consequence of the dangerous method of operating the winch, the vessel was rendered unseaworthy, but it does not appear that the accident happened through such cause, but, as stated above, from the action of the mate.

This conclusion precludes a recovery for personal injuries but the libellant is entitled to the sum that will be necessary for his maintenance and care, under the doctrine of The Osceola, 189 U. S. 158, 23 Sup. Ct. 483, 47 L. Ed. 760. The case is therefore referred to a commissioner for further proceedings in such respect.